

**IN THE SUPERIOR COURT OF GUAM**

|  |  |
|---|---|
| PEOPLE OF GUAM, | ) Criminal Case No. CM913-12 |
|  | ) |
|  | ) |
| vs. | ) **DECISION AND ORDER: Defendant's** |
|  | ) **Motion for Judgment of Acquittal** |
|  | ) |
| EDDIE CRUZ TAITANO, | ) |
| Defendant. | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on May 2, 2014 on Eddie Cruz Taitano's ("Defendant") Motion for Judgment of Acquittal. Defendant was represented by F. Randall Cunliffe, Esq. The People of Guam ("the People") were represented by Assistant Attorney General Rogelio G. Btarao, Jr. Upon review of the evidence, written and oral arguments, and legal authorities presented by both parties, the Court hereby issues this Decision and Order **GRANTING** Defendant's Motion.

## BACKGROUND

Defendant is charged with Violation of a Port Authority Regulation (as a Misdemeanor) and Criminal Trespass (as a Violation). *See Complaint* Oct. 17, 2012). On December 19, 2012, Defendant was arraigned before the Honorable Alberto E. Tolentino. Defendant pled not guilty and waived his right to speedy trial. The instant case was assigned to this Court on December 26, 2012.

Jury selection and trial commenced on April 30, 2014. After a one day trial, the People and Defendant rested, with a total of three witnesses testifying.

 

## DISCUSSION

Defendant moves the Court for a judgment of acquittal. Defendant argues that "[a]t the time of [his] arraignment, counsel for Defendant raised the issue that the First Charge did not set forth sufficient information that [he] could properly defend the case against himself." *Def.'s Mot. for Judgment of Acquittal* at 1 (May 2, 2014). However, at that time, the Magistrate Court "indicated that because the Declaration from the Government indicated that the violation of the Port Authority regulations was a violation of 10 GARR Chapter 1, Section 1145, that the defendant was on notice against what he had to defend." *Id.* at 1-2.

Defendant now argues that "[a]t trial, the Government presented no evidence with regard to the Guam Administrative Rules and Regulations, but entered into evidence a Standard Operating Procedure prepared by the Acting Chief of Police for the operation of the Port Police Department." *Id.* at 2. On that basis, Defendant contends that "[t]his is not a rule or regulation prepared by the Board, and is therefore, not a violation of a regulation as set forth in 10112.

"Under Guam law, the trial court 'on motion of a defendant or on its own motion shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment … after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses.'" *People v. George*, 2012 Guam 22 ¶ 49 (citing 8 GCA § 100.10 (2005)). "The trial court determines whether a motion for judgment of acquittal should be granted by applying the same test used when the sufficiency of the evidence is challenged." *Id.* (citing *Song*, 2012 Guam 21 ¶ 27) (citing *Tennessen*, 2009 Guam 3 ¶ 4).

As articulated above, the Court is to "apply the same test as that used to challenge the sufficiency of the evidence" when considering a Motion for Judgment of Acquittal. *People v. Quinata*, 1999 Guam 6 ¶ 9 (citing *People v. Cruz*, 1998 Guam 18 ¶ 9). The Court "will review

the evidence presented against [Defendant] in a light most favorable to the government to determine whether, 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Quinata*, 1999 Guam 6 ¶ 9 (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2788 (1979)). Accordingly, "it is the responsibility of the trier of fact, and not this court, to fairly 'resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Quinata*, 1999 Guam 6 ¶ 14 (citing *Jackson v. Virginia*, 443 U.S. at 319, 99 S.Ct. at 2789). The Court does not find any conflicting testimony with the case at bar.

The relevant Port Authority violation of regulation code reads as follows:

> Every person who violates, causes or permits to be violated, or fails or refuses to comply with any rule or regulation adopted pursuant to this Article, is guilty of a misdemeanor.

12 GCA § 10112.

The People in their Declaration cite to a Guam Administrative Rule and Regulation. It reads as follows:

> **§1145. Same: Restriction on Vehicles Allowed in Wharf.** No vehicle shall be admitted upon any wharf or in any other areas used for the storage of cargo except for the purpose of delivering or picking up freight unless the owner thereof shall have been granted a permit by the Harbor Master or Chief of Operations:
> (a) Any vehicle, operating on any wharf under control of the Department shall be under the direction and control of the Harbor Master.
> (b) Trucks and other vehicles entering upon a wharf under control of the Department for the purpose of delivering or picking up freight shall not be driven while on such wharf at a speed greater than ten (10) miles per hour. Motor equipment used in handling freight while cargo loading and unloading operations are in progress under direct supervision of a stevedoring foreman shall not be operated at a speed greater than ten (10) miles per hour.
> (c) Trucks and other vehicles operating in container yards shall not be driven at a speed greater than fifteen (15) miles per hour.
> (d) Vehicles on roadways adjacent to wharves and pier sheds shall not be driven at a speed greater than fifteen (15) miles per hour, unless otherwise indicated by appropriate traffic signs.

10 Guam Admin. R. & Regs. § 1145.

While this administrative rule was cited in the attached Declaration to the Complaint, it is not contained within the charge. The Supreme Court of Guam in a recent case decided that simply tracking the language of an Assault with Intent to Commit CSC statute will generally not suffice to set forth all of the elements of the offense, since the statute does not include elements of the underlying assault. *See People v. Torres*, 2014 Guam 8 ¶ 27. The same holds true in the instant case, the People did not attach the underlying regulation which was breached or violated. Other than citing to the penalty provision which again does not cite to any rule or regulation adopted within the same Article. For these reasons, and the fact that there is no information on the legality of the Port Police Chief's authority to adopt an internal Standard Operating Procedure absent further approval, the Court finds in favor of the Defendant that the Complaint insufficiently charges out an offense for which the Defendant can adequately prepare for a defense.

As for the Second Charge, Defendant argues that [w]hile [he] may not have been authorized to enter through the gate which he entered, he was authorized to enter the compound for which he is accused of having trespassed." *Def.'s Mot. for Judgment of Acquittal* at 3 (May 2, 2014). Defendant goes on to argue that "[t]he law does not apply to vehicles, it applies to persons. In review of this matter, the evidence presented from the testimony of the People's witnesses were that (1) Eddie Cruz Taitano worked in the container yard; (2) he was permitted to bring his personally owned vehicle in because of a disability; and (3) that he took his vehicle into the container yard every day. The Court agrees with the Defendant was privileged to enter into and remain in the container yard at the Commercial Port. The Court also agrees that although Defendant was not supposed to enter through the gate he entered, it did not take away

his privilege from being in the yard. For these reasons, the Court GRANTS Defendant's Motion for Judgment of Acquittal.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **GRANTS** Defendant's Motion for Judgment of Acquittal.

**SO ORDERED** this _2_ day of MAY, 2014.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

AG / CUNLIFFE & COOK

MAY - 2 2014 Time: 2:35 pm

Deputy Clerk, Superior Court of Guam

Page **5** of **5**
CM913-12: People v. Taitano
Decision & Order: Def.s' Mot. for Judgment of Acquittal